**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRANCITO CASTANEDA DE LEON, | No. 21-470 |
| Petitioner, | Agency No. A099-504-282 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| PAOLA DIEGO CASTANEDA, | No. 21-471 |
| Petitioner, | Agency No. A202-097-231 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

| | |
|---|---|
| ISABEL DIEGO CASTANEDA, | No. 21-472 |
| Petitioner, | Agency No. A202-097-233 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| SHEYLA DIEGO CASTANEDA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 21-473<br><br>Agency No.<br>A202-097-232 |
| --- | --- |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2023[**]
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Trancito Castaneda de Leon and her three children—Paola, Isabel, and Sheyla Diego Castaneda—seek review of an order from the Board of Immigration Appeals (BIA) dismissing their appeals of an Immigration Judge's (IJ) denial of their motion to terminate removal proceedings and of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). We deny the petition for review.

---

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The BIA correctly determined that the Notices to Appear that initiated the removal proceedings against Castaneda de Leon and her children vested jurisdiction with the IJ, even if they did not contain the date and time of the initial removal hearing. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc).

2. The BIA properly denied Castaneda de Leon and her children's asylum and withholding claims. The BIA did not err in determining that Castaneda de Leon's neighbor's threats to "do something" to her or to "take" one of her children if she did not repay a debt did not establish past persecution. The neighbor's threats were vague, and she did not follow through on them. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021).

In addition, substantial evidence supports the BIA's determination that Castaneda de Leon and her children cannot establish a risk of persecution based on race or family membership. There is no nexus between these characteristics and the harm that they fear. The record demonstrates that the neighbor targeted Castaneda de Leon because of her failure to repay the debt, not because of her Konjobal ethnicity. And Castaneda de Leon's family members have not been harmed in Guatemala, undermining her and her children's race- and family-based claims for relief. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010).

Moreover, the BIA correctly determined that Castaneda de Leon and her children are not entitled to relief based on their status as Guatemalans returning

from the United States who are perceived to be wealthy. We have "clearly held that 'imputed wealthy Americans' are not a discrete class of persons recognized as a particular social group." *Barbosa v. Barr*, 926 F.3d 1053, 1060 (9th Cir. 2019) (quoting *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016)).

Finally, the BIA correctly determined that Castaneda de Leon and her children are not entitled to relief based on the proposed particular social group consisting of "Konjobal women who, while living without a man in their lives, were threatened in the past and will be persecuted, tortured, or killed upon return to Guatemala and would not be protected by the police because of their Konjobal race." The BIA correctly determined that this proposed particular social group is not cognizable because it lacks particularity and social distinction. Any other errors in its analysis are harmless. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021).

First, substantial evidence supports the BIA's conclusion that this group lacks social distinction, as there is no evidence that Guatemalans perceive women living without a man (regardless of ethnicity) to be a distinct group. *See Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020). And even if people target Castaneda de Leon because they perceive her as weak due to her ethnicity or relationship status, this consideration does not establish social distinction because social distinction is not "assessed from the perspective of the persecutors." *Id.*

Second, the BIA correctly determined that the group is not defined with particularity. *See Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020). The

group lacks "definable boundaries." *See id.* (quoting *In re W-G-R-*, 26 I. & N. Dec. 208, 214 (BIA 2014)). It is unclear whether it includes only single women or women who are temporarily separated from a partner, and it is unclear which Konjobal women living without a man "would not be protected by the police because of their Konjobal race."

3.     The BIA properly denied Castaneda de Leon and her children's CAT claims. Substantial evidence supports the BIA's determination that the neighbor's threats did not constitute torture. *See Kaur v. Garland*, 2 F.4th 823, 836 (9th Cir. 2021). And the record does not compel the conclusion that the Guatemalan government would acquiesce in future torture. Even if police cannot assist Castaneda de Leon because of a language barrier, ineffective law enforcement does not establish government acquiescence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Anyway, the record demonstrates that Guatemala has tried to combat violence against indigenous women. Finally, the BIA did not err by failing to consider whether relocation would be reasonable because "the reasonableness of a relocation is not relevant to a CAT claim." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022).

4.     We will not consider Castaneda de Leon and her children's argument that the IJ violated their due process rights because it is unexhausted. *See Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021). And their argument that the BIA violated their due process rights fails because they do not show that any violation prejudiced them or prevented them from presenting their case. *See Olea-Serefina*

5                                                          21-470

*v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022).

**PETITION DENIED.**